EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
7/30/2025 1:21 PM
Clerk of the County Deputy,
Bazan pos

Joshua R. Jachimowicz (SBN 278316)
JACHIMOWICZ LAW GROUP
1550 The Alameda, Suite 100
San Jose, California 95126
Tel.: (408) 246-5500
Fax: (408) 246-1051
E-Mail: josh@jachlawgroup.com

Attorneys for Plaintiff
MICHAEL GESELLSCHAP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CRUZ

MICHAEL GESELLSCHAP, an individual,

        Plaintiff,

vs.

JOBY AERO, INC., a Delaware Corporation; JOBY AVIATION, INC., a Delaware Corporation; and DOES 1-25, inclusive,

        Defendants.

No.  25CV02438

**PLAINTIFF MICHAEL GESELLSCHAP'S COMPLAINT FOR DAMAGES FOR:**

1.  Whistleblower Retaliation in Violation of California Labor Code § 1102.5(b)

2.  Wrongful Termination in Violation of Public Policy [*Tameny*]

**DEMAND FOR JURY TRIAL**

    COMES NOW Plaintiff, MICHAEL GESELLSCHAP, by and through his attorneys of record, files this action against JOBY AERO, INC., a Delaware Corporation, JOBY AVIATION, INC., a Delaware Corporation, and DOES 1-25 inclusive. All allegations are made on information and belief, except those of which MICHAEL GESELLSCHAP has personal knowledge because they relate expressly to him.

**GENERAL ALLEGATOINS, JURISDICTION, AND VENUE**

1.    Jurisdiction and Venue lie in the Superior Court of Santa Cruz County Because the breaches, acts, and omissions giving rise to liability occurred within the County of Santa Cruz.

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

2.      Plaintiff, MICHAEL GESELLSCHAP (hereinafter "Plaintiff" or "Mr. Gesellschap") is and at all times mentioned herein was, an individual residing in Pensacola, County of Encambia, State of Florida.

3.      Defendant, JOBY AERO, INC. (hereinafter, collectively with JOBY AVIATION, INC. "Defendants" or "Joby") is a Delaware Corporation, and at all times mentioned herein, was headquartered in, and engaged in business within the County of Santa Cruz, State of California. At all times relevant to Plaintiff's Complaint, JOBY AERO, INC. employed Plaintiff.

4.      Defendant, JOBY AVIATION, INC. (hereinafter, collectively with JOBY AERO, INC. "Defendants" or "Joby") is a Delaware Corporation, and at all times mentioned herein, was headquartered in, and engaged in business within the County of Santa Cruz, State of California. At all times relevant to Plaintiff's Complaint, JOBY AVIATION, INC. contributed to Plaintiff's total compensation from JOBY AERO, INC.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein and DOES 1-25, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of these fictitiously named Defendants when such information is ascertained.

6.      Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants, and DOES 1-25, is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by Defendants and each of them.

7.      Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

8.      Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant herein ratified, authorized, knew about, should have known about, and condoned the acts of each and every other Defendant.

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408)246-5500

9.      This action is brought pursuant to California Labor Code § 1102.5(b) which prohibits an employer from retaliating against employees who disclose, to those with authority over the employee, any conduct which the employee reasonably believes is a violation of a state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

## FACTUAL ALLEGATIONS

10.     Joby Aero, Inc. employed Mr. Gesellschap as a Staff Product Engineer, verification IPT lead, from on or around December 4, 2023 until his termination on or around November 7, 2024.

11.     Mr. Gesellschap was terminated in retaliation for raising safety concerns.

12.     On October 23, 2024, Mr. Gesellschap attended a scheduled weekly software meeting, the stated purpose of which was to discuss executing an inhabited aircraft flight by Thanksgiving of 2024. This Thanksgiving 2024 goal was a departure from previously established deadlines.

13.     During the meeting, Mr. Gesellschap disclosed concerns that Joby had not been following established company processes, and the work completed was substandard. Plaintiff also addressed the fact that Joby had been failing to meet stated safety requirements per established company guidelines. These guidelines were outlined in a document named JED00184.

14.     Mr. Gesellschap asked how Joby could justify the safety of the flight (SOF) when SOF test reports stated that only nine percent of the 1865 SOF requirements had been tested and that less than one half of that nine percent had passed.

15.     The software group had been working with a March 2025 deadline to complete SW High Level Requirements as required by JED00184. Joby Head of OEM, Didier Papadopoulous stated he was unaware of the March 2025 date. Plaintiff asserts this date had been known for months.

16.     Mr. Gesellschap stated that the only viable way Joby would be able to meet its

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

1   Thanksgiving 2024 inhabited flight date was with company risk acceptance.

2   17.     Under pressure from Joby to meet a new 2024 deadline, Mr. Gesellschap,

3   alongside four of his colleagues, laid out what they thought was the absolute minimum

4   needed to fly inhabited at an acceptable level of risk, however testing and verification

5   typically required for SOF had to be excluded. The plan was presented to Mr.

6   Papadopoulous on October 25, 2024.

7   18.     Fifteen days after raising the aforementioned safety concerns, Mr. Gesellschap

8   was terminated.

9
                              **FIRST CAUSE OF ACTION**
10                               **Whistleblower Retaliation**
                              **[Gov. Code section 1102.5(b)]**
11                          **(As to all Defendants and DOES 1-25)**

12          As a first, separate, and distinct cause of action, Plaintiff complains against JOBY

13  AERO, INC., JOBY AVIATION, INC. and DOES 1-25 inclusive, and for a cause of

14  action alleges:

15  19.     Plaintiff re-alleges and incorporates paragraphs 1-18 as though set forth fully

16  herein.

17  20.     At all times relevant to this Complaint, Defendants were the employers of Plaintiff

18  and covered by California Labor Code section 1102.5(b).

19  21.     At all times relevant to this Complaint, Plaintiff was the employee of Defendants.

20  22.     Plaintiff suffered retaliation by Defendants as a direct and proximate result of

21  disclosing, to those with authority over Plaintiff, conduct which Plaintiff reasonably

22  believes is a violation of a state or federal statute, or a violation of or noncompliance with

23  a local, state, or federal rule or regulation, in violation of California Labor Code section

24  1102.5(b). Plaintiff disclosing concerns that Joby had not been following established

25  company processes and the work completed was substandard, as well as Joby's failure to

26  meet stated safety process and requirements, constitutes a disclosure of conduct that

27

28

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

---

PLAINTIFF MICHAEL GESELLSCHAP'S COMPLAINT FOR DAMAGES

4

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

1  Plaintiff reasonably believes is a violation of a state or federal statute, or a violation of or
2  noncompliance with a local, state, or federal rule or regulation.

3  23.    As a direct and proximate result of Plaintiff disclosing concerns about
4  Defendants' conduct Plaintiff was retaliated against by Defendant by being terminated.

5  24.    Plaintiff disclosing concerns about Defendants' conduct was a substantial
6  motivating reason for Defendants' decision to retaliate against Plaintiff by terminating his
7  employment.

8  25.    As a direct and proximate cause of Defendants' retaliation against Plaintiff,
9  Plaintiff suffered harm.

10  26.    As a direct and proximate result of the aforementioned acts of Defendants,
11  Plaintiff has suffered actual, consequential and incidental financial losses, including
12  without limitation, loss of salary and benefits, and the intangible loss of employment
13  related opportunities in his field and damage to his professional reputation, all in an
14  amount subject to proof at the time of trial. Plaintiff claims such amounts as damages
15  pursuant to California Civil Code sections 3287, 3288 and/or any other provision of law
16  providing for prejudgment interest.

17  27.    As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has
18  suffered and continues to suffer emotional distress, humiliation, mental anguish and
19  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed
20  and believes and thereupon alleges that he will continue to experience said physical and
21  emotional suffering for a period in the future not presently ascertainable, all in an amount
22  subject to proof at the time of trial.

23  28.    The acts taken towards Plaintiff were carried out by Defendants' officers,
24  directors, and/or managing agents acting in a despicable, oppressive, fraudulent,
25  malicious, deliberate, egregious and inexcusable manner and in conscious disregard for
26  the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors,
27  authorized, condoned, and ratified the unlawful conduct of each other. Consequently,
28  Plaintiff is entitled to an award of punitive damages against Defendants.

1  29.    Defendants' conduct of retaliating against Plaintiff because he

2  disclosed concerns about Defendants' conduct was a substantial factor in causing

3  Plaintiff's harm.

4                          **SECOND CAUSE OF ACTION**
                  **Wrongful Termination in Violation of Public Policy**
5                              [*Tameny Action*]
6                      **(As to all Defendants and DOES 1-25)**

7          As a second, separate, and distinct cause of action, Plaintiff complains against

8  JOBY AERO, INC., JOBY AVIATION, INC., and DOES 1-25 inclusive, and for a cause

9  of action alleges:

10  30.    Plaintiff re-alleges and incorporates paragraphs 1-29 as though set forth fully

11  herein.

12  31.    At all times relevant to this Complaint, Defendants were the employers of Plaintiff

13  and covered by California Labor Code section 1102.5(b).

14  32.    At all times relevant to this Complaint, Plaintiff was the employee of Defendants.

15  33.    Plaintiff was terminated from his employment for reasons that violate public

16  policy. Defendants violated public policy by terminating Plaintiff's employment as a

17  result of Plaintiff having disclosed to those with authority over Plaintiff, conduct which

18  Plaintiff reasonably believes is a violation of a state or federal statute, or a violation of or

19  noncompliance with a local, state, or federal rule or regulation.

20  34.    Plaintiff disclosing concerns about Defendants' conduct was a substantial

21  motivating reason for Plaintiff's termination in violation of public policy.

22  35.    As a direct and proximate result of Plaintiff's termination by Defendants in

23  violation of public policy, Plaintiff was harmed.

24  36.    As a direct and proximate result of the aforementioned acts of Defendants,

25  Plaintiff has suffered actual, consequential and incidental financial losses, including

26  without limitation, loss of salary and benefits, and the intangible loss of employment

27  related opportunities in his field and damage to his professional reputation, all in an

28  amount subject to proof at the time of trial. Plaintiff claims such amounts as damages

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

1    pursuant to California Civil Code sections 3287, 3288 and/or any other provision of law

2    providing for prejudgment interest.

3    37.    As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has

4    suffered and continues to suffer emotional distress, humiliation, mental anguish and

5    embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed

6    and believes and thereupon alleges that he will continue to experience said physical and

7    emotional suffering for a period in the future not presently ascertainable, all in an amount

8    subject to proof at the time of trial.

9    38.    The acts taken towards Plaintiff were carried out by Defendants' officers,

10   directors, and/or managing agents acting in a despicable, oppressive, fraudulent,

11   malicious, deliberate, egregious and inexcusable manner and in conscious disregard for

12   the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors,

13   authorized, condoned and ratified the unlawful conduct of each other. Consequently,

14   Plaintiff is entitled to an award of punitive damages against Defendants.

15   39.    Defendants' decision to terminate Plaintiff's employment because he disclosed

16   concerns about Defendants' conduct was a substantial factor in causing Plaintiff's harm.

17         WHEREFORE, Plaintiff requests relief as prayed herein below.

18

19                                    **PRAYER**

20   WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

21   1.  For a money judgment representing compensatory damages including lost

          wages, and all other sums of money, together with interest on those amounts,

22        according to proof;

23   2.  For a money judgment for mental anguish and emotional distress, according

24        to proof;

25   3.  For an award of exemplary and punitive damages, according to proof;

26   4.  For costs of suit and attorneys' fees;

27   5.  For pre-judgment and post-judgment interest; and

28

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500

6. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all of the issues triable by jury.

Dated: July 30, 2025                    JACHIMOWICZ LAW GROUP


JOSHUA R. JACHIMOWICZ
Attorney for Plaintiff
MICHAEL GESELLSCHAP

JACHIMOWICZ LAW GROUP
1550 THE ALAMEDA, SUITE 100
SAN JOSE, CALIFORNIA 95126
(408) 246-5500